# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

\* \* \*

| UNITED STATES OF AMERICA, | Case No. 2:17-cr-0180-JAD-PAL |
|---|---|
| Plaintiff, | **ORDER** |
| v. | (Mot Suppress – ECF No. 203) |
| EVERLY JAMES | |
| Defendant. | |

Before the court is defendant Everly James' Motion to Suppress Evidence (ECF No. 203) which was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and LR IB 1-4 of the Local Rules of Practice. The court has considered the motion, the government's Response (ECF No. 254), and James' Reply (ECF No. 265).

Defendant Everly James ("James") and 15 co-defendants are charged in an Indictment (ECF No. 1) returned June 14, 2017. James is charged with one count of Conspiracy in violation of 18 U.S.C. § 371. The indictment arises out of a series of events that occurred from on or about July 2015 to April 2017, involving the sale, transportation, and receipt of stolen vehicles.

The motion to suppress involves a search of a room at the Red Roof Inn conducted pursuant to a state search warrant issued in Maricopa County, Arizona, on July 18, 2015. James requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The motion argues that James can establish numerous instances of deliberate falsehoods or reckless disregard for the truth of information contained in the affidavit supporting the search warrant at issue in the motion. The motion argues that the affidavit supporting the search warrant application in consists of five paragraphs that describe probable cause for the search. Within this short affidavit, James maintains there are four disturbingly deceitful statements. Specifically, the affiant claimed that James: (1) was observed arriving in a stolen vehicle; (2) allegedly admitted that he was staying at the Red

1  Roof Inn; (3) that phone numbers on the Craig's List advertisements were identical; and (4) that
2  Charde James opened the door to the hotel room allowing officers to view evidence in plain view.
3  James maintains that excised of these falsehoods, no judge would issue the warrant and would
4  question the affiant "as to what was the real reason for asking for permission to search the
5  residence." James contends that it is obvious from what occurred here that the police searched the
6  room without a warrant and then realized that they had stumbled across evidence they believed
7  was contraband and later decided to obtain a warrant. The court should therefore conduct an
8  evidentiary hearing and ultimately suppress all evidence seized from the room "and any fruits of
9  the poisonous tree attached to those items" obtained in violation of the Fourth and Fourteenth
10 Amendment to the Constitution.

11 The government field a brief response. Without conceding the motion is meritorious or
12 that *Franks* violations occurred, the United States indicates it "has decided it will not be using any
13 of the items obtained from the search warrant during its case in chief at trial." The United States
14 therefore asks the court to deny the motion as moot, citing *United States v. Arias-Villanueva*, 998
15 F.2d 1491, 1502 (9th Cir. 1993), overruled on other grounds by *United States v. Jimenez-Ortega*,
16 472 F.3d 1102, 1103-04 (9th Cir. 2007).

17 James' reply argues that his motion to suppress identified multiple deliberate falsehoods
18 contained in the affidavit supporting the search warrant at issue. James is surprised by the
19 government's response. Rather than defend the credibility and integrity of the law enforcement
20 officer who is the affiant on the warrant, the government has simply informed the court of its intent
21 to refrain from using any evidence seized. James argues that the government's silence is
22 "tantamount to an admission that the law enforcement officer perjured himself in order to obtain a
23 warrant." The motion to suppress specifically requested that the fruits of the poisonous tree
24 doctrine apply to preclude the government from using any evidence derived from the search. The
25 reply asks that the court "recognize the government's shocking response", and suppress all
26 evidence seized from the room and any fruits of the poisonous tree obtained from the search.

27 Having reviewed and considered the moving and responsive papers, the court will deny the
28 motion to suppress as moot, and enforce the government's agreement that it will not use any

evidence obtained in the search of the room at the Red Roof Inn in its case in chief, or any evidence derived from the search of the room in its case in chief.

**IT IS ORDERED** that:

1. Defendant's Motion to Suppress Evidence (ECF No. 203) is **DENIED as MOOT**.
2. The government will be precluded from introducing any evidence seized in the search of the room pursuant to the search warrant at issue in the motion to suppress during its case in chief.
3. The government will be precluded from using any additional evidence obtained as a result of the search warrant at issue in this motion during its case in chief under the fruit of the poisonous tree doctrine. *Wong Sun v. United States*, 371 U.S. 471 (1963).

DATED this 9th day of February, 2018.

_____
PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE