UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>EVERLY JAMES<br><br>Defendant. | Case No. 2:17-cr-0180-JAD-PAL<br><br>**AMENDED ORDER**<br>**- AND -**<br>**REPORT OF FINDINGS AND**<br>**RECOMMENDATION**<br><br>(Mot Suppress – ECF No. 203) |

This amendment VACATES the portion of the court's Order (ECF No. 272) denying as moot Defendant Everly James' Motion to Suppress Evidence (ECF No. 203) and instead RECOMMENDS that the district judge deny the motion as moot.

On February 9, 2018, the court: (1) denied Mr. James' suppression motion as moot, (2) precluded the government from introducing any evidence seized pursuant to the search warrant at issue in the motion to suppress during its case-in-chief, and (3) precluded the government from using any additional evidence obtained as a result of the hotel warrant during its case-in-chief under the fruit of the poisonous tree doctrine. Order (ECF No. 272).

On May 18, 2018, James filed a pro se Motion to Set Conference (ECF No. 349) in which he argued a magistrate judge lacked authority to decide his suppression motion in an order and only had authority to file a report of findings and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). He lost confidence in his appointed counsel who would not file an objection or appeal of the order, argued the decision was clearly erroneous and contrary to law, and asked for another lawyer to represent him as appointed counsel declined to file an objection.

28 U.S.C. § 636 specifically addresses the jurisdiction and authority of magistrate judges. As relevant here, magistrate judges may "hear and determine any pretrial matter pending before

the court" with the exception of dispositive motions. 28 U.S.C. § 636(b)(1)(A).[1] A district judge may refer a motion to suppress evidence to a magistrate judge for a report of findings and recommendation. 28 U.S.C. § 636(b)(1)(B). Pursuant to local practice in the unofficial southern division of the District of Nevada, motions to suppress are generally referred to magistrate judges to "review it, conduct any necessary evidentiary or other hearings, and file findings and recommendations for disposition by the district judge." LR IB 1-4(h). With respect to non-dispositive pretrial orders, the assigned district judge "may reconsider any pretrial matter" decided by a magistrate judge where a party shows that "the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(B). A magistrate judge's recommendation on a motion to suppress requires the district judge to conduct a *de novo* review. *Id*.

Here, the court entered the ruling as an order because of the government's response to the motion to suppress represented that it would not use the evidence recovered in executing the search warrant or any fruits of the warrant in its case-in-chief. As a result, there was nothing to suppress. The court therefore entered an order denying James' motion as moot because it was not dispositive. James' strenuously objects that the court exceeded its authority in entering an order instead of a report of findings and recommendation. James asked for substitute counsel because his appointed attorney did not and would not file an objection to the order demanding a *Franks* hearing, which James believes is mandatory. The court granted Mr. Oram's motion to withdraw at a hearing on May 31, 2018, and appointed substitute counsel, Todd Leventhal.

At the May 31 hearing the court indicated that it would enter an amended decision in the form of a report and recommendation recommending denial of the motion to suppress as moot coupled with an order enforcing the government's agreement not to use the evidence derived from the search warrant at issue or its fruits in its case-in-chief, and giving defense counsel 14 days from the amended decision to file an objection. Mr. Leventhal asked that the court hold off entering the amended decision so that he could confer with government counsel to determine whether the government would take a different position if an objection was filed. The court granted the request

---

[1] A "dispositive" matter is one that may bring "about a final determination" in a case. *See* Black's Law Dictionary (10th ed. 2014) (defining "dispositive motion" as one requesting a trial-court order to decide a case "in favor of the movant without further proceedings").

and continued the matter to June 5, 2018. During today's hearing Mr. Lopez stated that the government would not retrench from its agreement not to introduce evidence obtained from the search warrant or derivative evidence if the defense filed an objection. Defense counsel therefore requested that this amended decision issue.

This amended decision vacates that specific portion of the Order (ECF No. 272) that denied the motion to suppress as moot and instead *recommends* that the district judge deny James' Motion to Suppress Evidence (ECF No. 203) as moot. The provisions of the order enforcing the government's agreement and precluding the government from introducing evidence obtained from the search warrant as well as its fruits remain in effect. Mr. James will have 14 days from the entry of this amended decision to file and serve any objections.

* * *

Before the court is Defendant Everly James' Motion to Suppress Evidence (ECF No. 203), which is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(A) and (B) and LR IB 1-3 and 1-4 of the Local Rules of Practice. The court has considered the motion, the government's Response (ECF No. 254), and James' Reply (ECF No. 265).

Defendant Everly James ("James") and 15 co-defendants are charged in an Indictment (ECF No. 1) returned June 14, 2017. James is charged with one count of Conspiracy in violation of 18 U.S.C. § 371. The indictment arises out of a series of events that occurred from on or about July 2015 to April 2017, involving the sale, transportation, and receipt of stolen vehicles.

The motion to suppress involves a search of a room at the Red Roof Inn conducted pursuant to a state search warrant issued in Maricopa County, Arizona, on July 18, 2015. James requests an evidentiary hearing pursuant to *Franks v. Delaware*, 438 U.S. 154 (1978). The motion argues that James can establish numerous instances of deliberate falsehoods or reckless disregard for the truth of information contained in the affidavit supporting the search warrant at issue in the motion. The motion argues that the affidavit supporting the search warrant application consists of five paragraphs that describe probable cause for the search. Within this short affidavit, James maintains there are four disturbingly deceitful statements. Specifically, the affiant claimed that James: (1) was observed arriving in a stolen vehicle; (2) allegedly admitted that he was staying at the Red

1    Roof Inn; (3) that phone numbers on the Craig's List advertisements were identical; and (4) that

2    Charde James opened the door to the hotel room allowing officers to view evidence in plain view.

3    James maintains that excised of these falsehoods, no judge would issue the warrant and would

4    question the affiant "as to what was the real reason for asking for permission to search the

5    residence." James contends that it is obvious from what occurred here that the police searched the

6    room without a warrant and then realized that they had stumbled across evidence they believed

7    was contraband and later decided to obtain a warrant. The court should therefore conduct an

8    evidentiary hearing and ultimately suppress all evidence seized from the room "and any fruits of

9    the poisonous tree attached to those items" obtained in violation of the Fourth and Fourteenth

10    Amendment to the Constitution.

11        The government field a brief response. Without conceding the motion is meritorious or

12    that *Franks* violations occurred, the United States indicates it "has decided it will not be using any

13    of the items obtained from the search warrant during its case in chief at trial." The United States

14    therefore asks the court to deny the motion as moot, citing *United States v. Arias-Villanueva*, 998

15    F.2d 1491, 1502 (9th Cir. 1993), overruled on other grounds by *United States v. Jimenez-Ortega*,

16    472 F.3d 1102, 1103–04 (9th Cir. 2007).

17        James' reply argues that his motion to suppress identified multiple deliberate falsehoods

18    contained in the affidavit supporting the search warrant at issue. James is surprised by the

19    government's response. Rather than defend the credibility and integrity of the law enforcement

20    officer who is the affiant on the warrant, the government has simply informed the court of its intent

21    to refrain from using any evidence seized. James argues that the government's silence is

22    "tantamount to an admission that the law enforcement officer perjured himself in order to obtain a

23    warrant." The motion to suppress specifically requested that the fruits of the poisonous tree

24    doctrine apply to preclude the government from using any evidence derived from the search. The

25    reply asks that the court "recognize the government's shocking response", and suppress all

26    evidence seized from the room and any fruits of the poisonous tree obtained from the search.

27        Having reviewed and considered the moving and responsive papers, the court will enforce

28    the government's agreement that it will not use any evidence obtained in the search of the room at

4

the Red Roof Inn in its case in chief, or any evidence derived from the search of the room in its case in chief.  As there is no longer anything to suppress and James has received the only relief to which he is entitled by the order enforcing the government's agreement, the court will recommend that the district judge deny Mr. James' motion to suppress as moot.

**IT IS ORDERED**:

1. The government will be precluded from introducing any evidence seized in the search of the room pursuant to the search warrant at issue in the motion to suppress during its case in chief.

2. The government will be precluded from using any additional evidence obtained as a result of the search warrant at issue in this motion during its case in chief under the fruit of the poisonous tree doctrine.  *Wong Sun v. United States*, 371 U.S. 471 (1963).

**IT IS FURTHER RECOMMENDED** that Defendant Everly James' Motion to Suppress Evidence (ECF No. 203) be **DENIED as MOOT**.

DATED this 6th day of June, 2018.

PEGGY A. LEEN
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit.  Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment.  *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service.  *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72.  The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b).  The

parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003).  In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation.  *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.